# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION
### NO. 7:12-CV-200-BO

| | |
|---|---|
| LARRY D. NEWKIRK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on August 15, 2013, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively filed for DIB on April 6, 2009, alleging disability since September 1, 2008. Plaintiff's claims were denied initially and on reconsideration. After conducting a hearing and considering the claim de novo, the ALJ found that plaintiff was not disabled in a decision issued on June 15, 2011. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited

Case 7:12-cv-00200-BO   Document 36   Filed 09/10/13   Page 1 of 6

to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and that he had not engaged in any substantial gainful activity since his alleged onset date at step one, the ALJ determined that plaintiff's degenerative disc disease was a severe impairment. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform medium work limited to simple, routine, repetitive tasks. At step four, the ALJ found that plaintiff could not perform his

2

past relevant work, but found at step five that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

Substantial evidence does not support the ALJ's determination that plaintiff did not satisfy his burden to show that he met a listing at step three. A claimant may be found disabled on medical grounds alone when he has a "condition [that] meets the specific criteria in the Listing of Impairments (the Listing) or is the equivalent of a listed impairment." SSR 83-19. In order to show that he meets a listing, a claimant must show that he meets all of the specified medical criteria of that Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Listing 1.04 deals with disorders of the spine, including degenerative disc disease, resulting in compromise of a nerve root or the spinal cord. Listing 1.04A requires in addition to the above:

> evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpt. P, Appendix I § 1.04.

While the ALJ relied on his statement that plaintiff's MRI's failed to reveal any significant herniations or nerve root impingement in finding that plaintiff did not meet the Listing, *significant* nerve root impingement is not required. In point of fact, the record reveals that plaintiff was diagnosed with degenerative disc disease with evidence of nerve root compression as confirmed by MRI. Tr. 235, 265. Moreover, the ALJ declined to consider the treatment notes of plaintiff's treating physician's assistant because as physician's assistant is not an acceptable medical source pursuant to SSR 06-03p. However, as this Court has held,

3

the Social Security Commission has recognized, as evidenced by SSR 06-03p, that health care is no longer only delivered by licensed physicians. Those medical professionals who support physicians, including physician assistants, nurse practitioners, and licensed clinical social workers, provide much of the care currently administered to patients. SSR 06-03p dictates that ALJs must at least consider the opinions of these non-acceptable medical sources, especially when there is evidence in the record to suggest that a non-acceptable medical source had a lengthy relationship with the claimant and can present relevant evidence as to an opinion about the claimant's impairment or ability to work.

*Foster v. Astrue*, 826 F. Supp.2d 884, 886 (E.D.N.C. 2011).

Neuro-anatomic distribution of pain was present as plaintiff complained of pain radiating down his right leg. Tr. 235. Plaintiff's range of motion in his back was limited, Tr. 242, 253, and motor and sensory loss were evidenced by complaints of weakness, Tr. 221, and numbness characterized as radiculopathy. Tr. 222, 241. A positive straight-leg-raise test is also in the record, Tr. 251, and plaintiff has therefore satisfied all of the criteria to meet Listing 1.04A. The ALJ's decision that plaintiff did not satisfy the Listing criteria is not supported by substantial evidence.

Even assuming, however, that the ALJ had articulated a proper reason for finding that plaintiff did not meet the lumbar Listing, the ALJ's RFC of medium work was also not supported by substantial evidence. In finding plaintiff's statement regarding the severity or effects of his pain not credible, the ALJ relied on the findings in some of plaintiff's objective tests that revealed "mild" nerve root impingement. Once an impairment that could reasonably be expected to cause pain is shown by medically acceptable evidence, a claimant may demonstrate the intensity or severity of the pain by subjective evidence. *See e.g. Hines v. Barnhart*, 453 F.3d 559, 564 (4th Cir. 2006). SSR 95-5p further recognizes that symptoms can suggest a greater level of impairment than can be shown by objective medical evidence.

It was beyond the province of the ALJ to conclude that because some of plaintiff's MRI

4

findings were described as "mild" plaintiff's complaints of severe pain were not credible. *See e.g. Walker v. Astrue*, 2:03-0078, 2008 WL 4722121 (M.D. Tenn. Oct. 21, 2008) ( "It is reasonable to infer that even a relatively "mild" compression of one's cervical nerves could reasonably be expected to produce severe or disabling pain."). Notably, though the ALJ discredited much of plaintiff's subjective testimony, he limited plaintiff to performing simple, routine, or repetitive tasks in light of the pain plaintiff experienced. Once plaintiff's complaints are properly regarded as credible, even if not entirely, plaintiff would be limited to performing no greater than sedentary work. 20 C.F.R. § 404.1567 (defining the exertional requirements for sedentary work). Due to plaintiff's age at the time of the hearing, his education, and lack of transferable skills, had plaintiff been limited to sedentary work a finding of disabled would have been directed by the Medical Vocational Guidelines (Grids). 20 C.F.R. Part 404, Subpt. P, App. II.

## Reversal for Award of Benefits

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

As plaintiff has demonstrated that he has met Listing 1.04A and alternatively that he would properly be limited to sedentary work and thus that a finding of disabled would be directed, a remand of this matter would serve no purpose. Accordingly, the decision of the

5

Commissioner is hereby REVERSED.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 24] is

GRANTED and defendant's motion for judgment on the pleadings [DE 29] is DENIED. The

decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an

award of benefits.

SO ORDERED, this _10_ day of September, 2013.

Terrence W. Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6